F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 9 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01820-BNB

JOSEPH SCOTT CARTER,

    Plaintiff,

v.

THE STATE OF COLORADO,

    Defendant.

---

ORDER OF DISMISSAL

---

Plaintiff, Joseph Scott Carter, is in the custody of the Colorado Mental Health Institute in Pueblo, Colorado, pending trial on state criminal charges. He has filed *pro se* a Prisoner Complaint claiming that the State has violated his federal Constitutional rights through application of Colorado's statute concerning competency to proceed in adult criminal cases (competency statute),§§16-8.5-101, *et seq.,* C.R.S. (2008).

Mr. Carter has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915, without payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe the Complaint liberally because Mr. Carter is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the Complaint and the action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous.

In his Complaint, Mr. Carter asserts the following claims: (1) the State of Colorado has applied the competency statute and § 18-1-405(6)(a), C.R.S., to deny him his Sixth Amendment right to a speedy trial because he has been committed to the Colorado Mental Health Institute for over a year waiting trial; (2) the State has denied him the effective assistance of counsel in conjunction with competency proceedings, in violation of the Sixth Amendment; and (3) the State's refusal to try him violates the Privileges or Immunities Clause of the Fourteenth Amendment. For relief, Mr. Carter asks the Court to declare the Colorado statutes unconstitutional.

The relevant facts which provide the background for Mr. Carter's claims are set forth in detail in the Court's dismissal order in *Joseph Scott Carter v. The State of Colorado*, Civil Action No. 11-cv-00684-LTB (Dkt. No. 17), and need not be repeated here. In short, Mr. Carter was committed to the Colorado Mental Health Institute by the Boulder County District Court in a pending criminal action on September 16, 2010, after the state court determined, based on a competency evaluation, that he was incompetent to stand trial. Mr. Carter has received periodic competency review

hearings. On May 19, 2011, the commitment order was continued to the next competency hearing scheduled for September 1, 2011.

Mr. Carter's claim that the competency statute is facially invalid under the Sixth Amendment is legally frivolous. To prevail on a facial challenge to the constitutionality of a statute, a litigant must show, at a minimum, that the statute is invalid in the vast majority of its applications. *Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1256 (10th Cir. 2008). The constitutional right to speedy trial is amorphous and, therefore, a trial court must apply a balancing test to determine if that right has been violated in a particular case. *See Barker v. Wingo*, 407 U.S. 514, 522, 524, 529 (1972). As such, Mr. Carter cannot show that the Colorado competency statute violates the Constitution in the vast majority of its applications.

Mr. Carter's claim that the competency statute is invalid under the Fourteenth Amendment Privileges or Immunities Clause is also legally frivolous because "[i]t is well established that the only privileges or immunities protected by the Fourteenth Amendment are those that "owe their existence to the Federal government, its National character, its Constitution, or its laws." *Kleinsmith v. Shurtleff*, 571 F.3d 1033, 1047 (10th Cir. 2009) (quoting *Slaughter-House Cases*, 83 U.S. (16 Wall.) 36, 79, 21 L.Ed. 394 (1872)). Mr. Carter's challenge to the Colorado statute does not implicate a federal right.

Moreover, to the extent the Complaint can be construed liberally as seeking an order requiring the State to release Mr. Carter from the Colorado Mental Health Institute, such relief is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a § 1983 remedy is not available for an allegedly unconstitutional conviction or

detention unless the conviction or sentence has been invalidated or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 487-88; *see also* **Wilkinson v. Dotson**, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit. . .–if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). The rule in **Heck** is not limited to claims challenging the validity of criminal convictions. *See* **Edwards v. Balisok**, 520 U.S. 641 (1997) (applying **Heck** to § 1983 claim challenging procedures used to deprive a prison inmate of good time credits); **Huftile v. Miccio-Fonseca**, 410 F.3d 1136, 1137 (9th Cir. 2005) (applying **Heck** to § 1983 claim challenging civil commitment under California's Sexually Violent Predators Act); **Hamilton v. Lyons**, 74 F.3d 99, 102-03 (5th Cir. 1996) (applying **Heck** to § 1983 claim challenging the coercive nature of a pretrial detainee's confinement prior to giving a statement regarding pending charges); *see also* **Cohen v. Clemens**, 321 F. App'x. 739, 742 (10th Cir. 2009) (unpublished) (applying **Heck** to alien's detention pursuant to civil immigration proceeding). And, Mr. Carter cannot maintain a proceeding for habeas corpus relief at this time because of his ongoing state criminal proceeding, for the reasons discussed in the dismissal order in Civil Action No. 11-cv-00684-LTB. (Dkt No. 17) (dismissing action, in part, pursuant to abstention doctrine in **Younger v. Harris**, 401 U.S. 37 (1971), and for failure to exhaust state remedies for claims challenging the constitutionality of the competency statute as applied to him and to the state trial court's jurisdiction to make a competency finding). Accordingly, it is

ORDERED that the Complaint filed by Joseph Scott Carter and this action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this 9th day of August, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01820-BNB

Joseph Scott Carter
Prisoner No. 97358
Colorado Mental Health Institute at Pueblo
1600 W 24th St
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 9, 2011.

                                      GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                          Deputy Clerk